| | |
|---|---|
| AARON J. FISCHER (SBN 247391)<br>(Aaron.Fischer@disabilityrightsca.org)<br>ANNE HADREAS (SBN 253377)<br>(Anne.Hadreas@disabilityrightsca.org)<br>DISABILITY RIGHTS CALIFORNIA<br>1330 Broadway, Suite 500<br>Oakland, CA 94612<br>Telephone: (510) 267-1200<br>Fax: (510) 267-1201<br><br>TIFANEI RESSL-MOYER (SBN 319721)<br>(Tifanei.Ressl-Moyer@disabilityrightsca.org)<br>DISABILITY RIGHTS CALIFORNIA<br>1831 K Street<br>Sacramento, CA 95811<br>Telephone: (916) 504-5800<br>Fax: (916) 504-5801<br><br>DONALD SPECTER (SBN 83925)<br>(DSpecter@prisonlaw.com)<br>MARGOT MENDELSON (SBN 268583)<br>(MMendelson@prisonlaw.com)<br>SOPHIE HART (SBN 321663)<br>  SophieH@prisonlaw.com<br>PRISON LAW OFFICE<br>1917 Fifth Street<br>Berkeley, California 94710<br>Telephone: (510) 280-2621<br>Fax: (510) 280-2704<br><br>Attorneys for Plaintiffs | JESSICA VALENZUELA<br>SANTAMARIA (220934)<br>(jvs@cooley.com)<br>MARK A. ZAMBARDA (314808)<br>(mzambarda@cooley.com)<br>ADDISON M. LITTON (305374)<br>(alitton@cooley.com)<br>COOLEY LLP<br>3175 Hanover Street<br>Palo Alto, CA 94304-1130<br>Telephone: (650) 843-5000<br>Facsimile: (650) 849-7400<br><br>KATHLYN A. QUERUBIN<br>(275085)<br>(kquerubin@cooley.com)<br>COOLEY LLP<br>101 California Street, 5th Floor<br>San Francisco, CA 94111-5800<br>Telephone: (415) 693-2000<br>Facsimile: (415) 693-2222<br><br>Attorneys for Plaintiffs |

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO MAYS, RICKY RICHARDSON, JENNIFER BOTHUN, ARMANI LEE, LEERTESE BEIRGE, and CODY GARLAND, on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>    v.<br><br>COUNTY OF SACRAMENTO,<br><br>            Defendant. | Case No. 2:18-cv-02081 TLN KJN (PC)<br><br>CLASS ACTION<br><br>STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER |

1.  A.  **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Plaintiffs Lorenzo Mays, Ricky Richardson, Jennifer Bothun, Armani Lee, Leertese Beirge, and Cody Garland and Defendant County of Sacramento (the "Parties") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

Defendant asserts that it will only designate materials as "CONFIDENTIAL" under this Protective Order if they contain sensitive health or other personal information, or if they contain information that has been deemed confidential by the Sacramento County Sheriff's Department or other relevant agency for safety and security reasons and has been restricted from general distribution, including but not limited to inmates and the public.

Defendant agrees that Plaintiffs may request, and Defendant will provide, inmate custody and/or health records upon such request.

Documents and information provided to Disability Rights California ("DRC") pursuant to DRC's statutory access authority during the course of its investigation preceding this litigation may be submitted to the court. Such materials will be presumed to be "CONFIDENTIAL" pursuant to this Agreement and Protective Order, except to the extent that the Parties agree the materials do not warrant such designation or where a Party disputes the designation, in which case that Party must employ the dispute resolution procedure outlined in Section 6 below.

B. <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve sensitive information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of protected health information and otherwise sensitive personal information pertaining to Plaintiffs and members of the purported class and other information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.

C. <u>ACKNOWLEDGEMENT OF PROCEDURE FOR FILING UNDER SEAL</u>

The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause

or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not—without the submission of competent evidence by declaration establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause. Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration. Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2. <u>DEFINITIONS</u>

2.1 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 <u>Designating Party</u>: a Party or Non-Party that designates information

3.	Stipulated Protective Order
(Case No. 2:18-cv-02081 TLN KJN)

or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.4 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced, made available for inspection, or generated in disclosures or responses to discovery in this matter.

2.5 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.6 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.7 <u>Outside Counsel of Record</u>: attorneys who are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that Party (as well as their support staff).

2.8 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.9 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.10 <u>Professional Vendors</u>: persons or entities that provide litigation support services to Counsel of Record or the Parties(e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.11 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

4. Stipulated Protective Order
(Case No. 2:18-cv-02081 TLN KJN)

2.12 <u>Receiving Party</u>: a Party that inspects or receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. <u>DURATION</u>

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards described herein. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the

protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the Receiving Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the Receiving Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

# 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice to the Designating Party of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Challenging Party and the Designating Party shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 <u>Joint Stipulation.</u> If the Challenging Party and the Designating Party cannot resolve a challenge without court intervention, the Parties shall prepare a joint statement regarding the dispute pursuant to Civil Local Rule 251. The Designating Party shall file and serve a motion to retain confidentiality, attaching the Parties' joint

8. Stipulated Protective Order
(Case No. 2:18-cv-02081 TLN KJN)

statement regarding the dispute, within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to treat the material in question to the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

6.4 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to treat the material in question to the level of protection to which it is entitled under the Producing Party's designation until the

court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 <u>Basic Principles.</u> A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.

This Protective Order is intended to and does preclude Counsel of Record from allowing Plaintiff to possess or retain a copy of any information designated "CONFIDENTIAL." However, this Protective Order is not intended to and does not preclude Counsel of Record from displaying, disclosing or discussing the contents of such information or items to Plaintiff. The Parties agree that information or items labeled "CONFIDENTIAL" may be displayed or disclosed to or discussed between Counsel of Record and Plaintiff to the extent necessary to conduct litigation.

In addition to the above, unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Counsel of Record in this action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation (as well as support staff);

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the

"Acknowledgment and Agreement to Be Bound" (Exhibit A);

 (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

 (d) the court and its personnel;

 (e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A);

 (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

 (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

 (h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" that Party must:

 (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

 (b) promptly notify in writing the party who caused the subpoena or order

to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

9.1 Production of Protected Material by a Non-Party

The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2 Production of a Non-Party's Protected Material by a Party

(a) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality

agreement with a Non-Party;

    (2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    (3) make the information requested available for inspection by the Non-Party.

(b) If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to a confidentiality agreement with the Non-Party before a determination by the court.[1] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material labeled "CONFIDENTIAL" to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the Court.

12. MISCELLANEOUS

    12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

    12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    12.3 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13. <u>FINAL DISPOSITION</u>

(a) Counsel of Record are entitled to retain an archival copy of all documents, pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Counsel of Record is not required to destroy or return copies of Protected Material that may be stored on back-up tapes created in the Receiving Party's normal course of business and retained for disaster-recovery purposes. Any such archival or back-up tape copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14. <u>VIOLATION</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: October 10, 2018

/s/ Aaron J. Fischer
AARON J. FISCHER (SBN 247391)
DISABILITY RIGHTS CALIFORNIA

Attorneys for Plaintiffs

DATED: October 10, 2018

/s/ Margot Mendelson (as authorized on 10/10/18)
MARGOT MENDELSON (SBN 268583)
PRISON LAW OFFICE

Attorneys for Plaintiffs

DATED: October 10, 2018

/s/ Jessica Valenzuela Santamaria (as authorized on 10/10/18)
JESSICA VALENZUELA SANTAMARIA (220934)
COOLEY LLP

Attorneys for Plaintiffs

DATED: October 10, 2018

/s/ Shawn M. Ridley (as authorized on 10/10/18)
SHAWN M. RIDLEY (SBN 144311)
HOWARD ROME MARTIN & RIDLEY, LLP

Attorneys for Defendant
County of Sacramento

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: October 16, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/mays2081.po

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on July 31, 2018, in the case of *Mays, et al. v. County of Sacramento* (Case No. 2:18-cv-02081 TLN KJN). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
    [printed name]

Signature: _____
    [signature]