Aaron J. Fischer (SBN 247391)
  Aaron.Fischer@disabilityrightsca.org
Anne Hadreas (SBN 253377)
  anne.hadreas@disabilityrightsca.org
DISABILITY RIGHTS CALIFORNIA
1330 Broadway, Suite 500
Oakland, CA  94612
Telephone: (510) 267-1200
Fax: (510) 267-1201

Tifanei Ressl-Moyer (SBN 319721)
  tifanei.ressl-moyer@disabilityrightsca.org
DISABILITY RIGHTS CALIFORNIA
1831 K Street
Sacramento, CA  95811
Telephone: (916) 504-5800
Fax: (916) 504-5801

Donald Specter (SBN 83925)
  dspecter@prisonlaw.com
Margot Mendelson (SBN 268583)
  mmendelson@prisonlaw.com
Sophie Hart (SBN 321663)
  sophieh@prisonlaw.com
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Fax: (510) 280-2704

Jessica Valenzuela Santamaria (SBN 220934)
  jvs@cooley.com
Mark A. Zambarda (SBN 314808)
  mzambarda@cooley.com
Addison M. Litton (SBN 305374)
  alitton@cooley.com
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

*Attorneys for Plaintiffs*

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| LORENZO MAYS, RICKY RICHARDSON, JENNIFER BOTHUN, ARMANI LEE, LEERTESE BEIRGE, and CODY GARLAND, on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>COUNTY OF SACRAMENTO,<br><br>　　　　　Defendant. | Case No. 2:18-cv-02081 TLN KJN<br><br>**CLASS ACTION**<br><br>**FINDINGS AND RECOMMENDATIONS G**RANTING **A**PPROVAL FOR **P**RELIMINARY **A**PPROVAL OF **C**ONSENT **D**ECREE AND **C**LASS **N**OTICE |

Plaintiffs in this action, Lorenzo Mays, Ricky Richardson, Jennifer Bothun, Armani Lee, Leertese Beirge, Cody Garland, and a class of all people who are now, or in the future will be, incarcerated in the Sacramento County jails ("the Jails"), and a subclass of all people who are now, or in the future will be, incarcerated in the Sacramento County jails and who have a disability as that term is defined in 42 U.S.C. § 12102, 29 U.S.C. § 705(9)(B), and California Government Code § 12926(j) and (m), allege that conditions in the Jails violate the Eighth and Fourteenth Amendments of the United States Constitution and the Americans with Disabilities Act. Plaintiffs claim that they are entitled to injunctive relief to address their claims.

The parties have entered into a Consent Decree that was filed with their Stipulated Motion for Preliminary Approval of Consent Decree and Notice to the Class, which would settle all claims in this case. The parties have submitted a proposed notice to the class. This Court has presided over the proceedings in the above-captioned action and has reviewed all of the pleadings, records, and papers on file. The Court has reviewed the Stipulated Motion for Preliminary Approval of Consent Decree and Notice to the Class along with the Consent Decree and supporting documents and has considered the parties' arguments concerning the proposed settlement of this class action. The Court has determined that inquiry should be made regarding the fairness and adequacy of this proposed settlement.

Accordingly, good cause appearing, IT IS HEREBY RECOMMENDED AS FOLLOWS:

1. A court should preliminarily approve a class action settlement if it "appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (quotation marks and citations omitted). The Court finds that this standard is met in this case, as the proposed settlement is the product of arms-length, serious, informed, and non-collusive negotiations between experienced and knowledgeable counsel who have actively prosecuted and defended this litigation.

2. The Court finds that the requirements of Rule 23(b)(1) and (b)(2) are met because this action seeks declaratory and injunctive relief against policies and practices that risk harm and discriminatory treatment to the class.

3. The Court finds that the Consent Decree meets the requirements of 18 U.S.C. § 3626(a)(1). The Consent Decree attached hereto is granted preliminary approval and incorporated by reference herein, subject to the right of class members to challenge the fairness, reasonableness, or adequacy of the Consent Decree.

4. Under Federal Rule of Civil Procedure 23(e)(1), the Court approves the substance, form and manner of the Notice of Proposed Class Action Settlement (the "Notice") filed by the parties and finds that the proposed method of disseminating the Notice meets all due process and other legal requirements and is the best notice practicable under the circumstances. Within three days of the adoption of these Findings and Recommendations, the parties are directed to prepare a final version of the Notice, incorporating the dates set forth herein.

5. No later than September 9, 2019, the County is directed to post the Notice in English and Spanish in all housing units in such a manner as to make the notice visible to all people incarcerated in the Jails. The County shall hand deliver a copy of the Notice to each inmate in administrative segregation. The Notice shall be posted and delivered for thirty days.

6. The County is also directed to provide a copy of this Order and the full Consent Decree and the Remedial Plan to people who complete an inmate request form and request the documents. Defendant must file and serve on Plaintiffs' counsel a declaration affirming that notice was published as required in this order.

7. A fairness hearing shall take place at 11:00 a.m. on Thursday, December 5, 2019, Courtroom #25, at the United States District Court for the Eastern District of California, Sacramento Division, 501 I Street, Sacramento, CA 95814, to determine whether the proposed settlement of this action on the terms and conditions provided for in the Consent Decree is fair, reasonable, and adequate and should be finally approved by the

Court.  The hearing may be continued from time to time without further notice to the class.  Any further briefing from the parties in advance of the hearing shall be filed no later than November 12, 2019.

8. Any member of the class may enter an appearance on his or her own behalf in this action through that class member's own attorney (at their own expense), but need not do so.  Class members who do not enter an appearance through their own attorneys will be represented by class counsel.  Alternatively, any member of the class may write to the Court about whether the settlement is fair.  The County will provide all people incarcerated in the Jails with a cost-free way to write to the Court.

9. The Court will consider written communications when deciding whether to approve the settlement.  Comments regarding the fairness of the settlement must include at the top of the first page the case name (*Mays v. County of Sacramento*) and the case number (E.D. Cal. No. 2:18-cv-02081 TLN KJN).  A written comment must contain the author's full name and must include all objections and the reasons for them, must include any and all supporting papers (including, without limitation, all briefs, written evidence, and declarations), and must be signed by the class member.  A class member who desires to comment but who fails to comply with the above objection procedure and timeline shall be deemed to have not objected and the objection shall not be heard or considered at the hearing.  Comments must be postmarked by October 11, 2019, and must be sent to the following address:

> Clerk of the Court
> United States District Court
> 501 I Street
> Sacramento, CA 95814

The Notice to Class members shall highlight the deadline, October 11, 2019, by which comments must be postmarked.

Objection Period

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after

being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

The parties are advised that if they do not object to these recommendations, each counsel shall file a statement of non-opposition or statement of no objections, to shorten the objection period and facilitate the adjudication of this motion by the district court.

Dated: August 8, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/mays2081.set.app