UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO MAYS, RICKY RICHARDSON, JENNIFER BOTHUN, ARMANI LEE, LEERTESE BEIRGE, and CODY GARLAND, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SACRAMENTO,<br><br>Defendant. | No. 2:18-cv-02081-TLN-KJN<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING APPROVAL FOR PRELIMINARY APPROVAL OF CONSENT DECREE AND CLASS NOTICE** |

Plaintiffs are state prisoners, proceeding through counsel. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 8, 2019, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 86.) On August 12, 2019, the parties filed a joint statement of non-opposition to the findings and recommendations. (ECF No. 87.)

The Court has reviewed the file and finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis. Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 8, 2019, are adopted in full;

2. A court should preliminarily approve a class action settlement if it "appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (quotation marks and citations omitted). The Court finds that this standard is met in this case, as the proposed settlement is the product of arms-length, serious, informed, and non-collusive negotiations between experienced and knowledgeable counsel who have actively prosecuted and defended this litigation.

3. The Court finds that the requirements of Rule 23(b)(1) and (b)(2) are met because this action seeks declaratory and injunctive relief against policies and practices that risk harm and discriminatory treatment to the class.

4. The Court finds that the Consent Decree meets the requirements of 18 U.S.C. § 3626(a)(1). The Consent Decree, (*see* ECF No. 85-1), granted preliminary approval and incorporated by reference herein, subject to the right of class members to challenge the fairness, reasonableness, or adequacy of the Consent Decree.

5. Under Federal Rule of Civil Procedure 23(e)(1), the Court approves the substance, form and manner of the Notice of Proposed Class Action Settlement (the "Notice") filed by the parties and finds that the proposed method of disseminating the Notice meets all due process and other legal requirements and is the best notice practicable under the circumstances. Within three days of this Order, the parties shall prepare a final version of the Notice, incorporating the dates set forth herein.

6. No later than September 9, 2019, the County is directed to post the Notice in English and Spanish in all housing units in such a manner as to make the notice visible to all people incarcerated in the Jails. The County shall hand deliver a copy of the Notice to each inmate in administrative segregation. The Notice shall be posted and delivered for thirty days.

7. The County is also directed to provide a copy of this Order and the full Consent Decree and the Remedial Plan to people who complete an inmate request form and request the

documents.  Defendant must file and serve on Plaintiffs' counsel a declaration affirming that notice was published as required in this order.

8.  A fairness hearing shall take place at 11:00 a.m. on Thursday, December 5, 2019, Courtroom #25, at the United States District Court for the Eastern District of California, Sacramento Division, 501 I Street, Sacramento, CA 95814, to determine whether the proposed settlement of this action on the terms and conditions provided for in the Consent Decree is fair, reasonable, and adequate and should be finally approved by the Court.  The hearing may be continued from time to time without further notice to the class.  Any further briefing from the parties in advance of the hearing shall be filed no later than November 12, 2019.

9.  Any member of the class may enter an appearance on his or her own behalf in this action through that class member's own attorney (at their own expense) but need not do so.  Class members who do not enter an appearance through their own attorneys will be represented by class counsel.  Alternatively, any member of the class may write to the Court about whether the settlement is fair.  The County will provide all people incarcerated in the Jails with a cost-free way to write to the Court.

10.  The Court will consider written communications when deciding whether to approve the settlement.  Comments regarding the fairness of the settlement must include at the top of the first page the case name (*Mays v. County of Sacramento*) and the case number (E.D. Cal. No. 2:18-cv-02081 TLN KJN).  A written comment must contain the author's full name and must include all objections and the reasons for them, must include any and all supporting papers (including, without limitation, all briefs, written evidence, and declarations), and must be signed by the class member.  A class member who desires to comment but who fails to comply with the above objection procedure and timeline shall be deemed to have not objected and the objection shall not be heard or considered at the hearing.  Comments must be postmarked by October 11, 2019, and must be sent to the following address:

>    Clerk of the Court
>    United States District Court
>    501 I Street
>    Sacramento, CA 95814

The Notice to Class members shall highlight the deadline, October 11, 2019, by which comments must be postmarked.

IT IS SO ORDERED.

Dated: August 13, 2019

_____
Troy L. Nunley
United States District Judge