Matthew Muller
Stanton Correctional Facility
2450 Clay Bank Road
Fairfield, CA 94533

Via First Class Mail

October 17, 2019

**FILED**

OCT 21 2019

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

Clerk of Court
U.S. District Court
501 I St.
Sacramento, CA 95814

Subject : Comments for Fairness Hearing
Mays et al. v. County of Sacramento
No. 2:18-cv-02081

Dear Clerk,

Enclosed please find my submission as a class member in the above matter.

As per the enclosed declaration the submission was timely filed under the "prison mailbox rule." I am including both the original handwritten submission that was created and tendered for mailing on October 10, 2019, before the October 11 deadline. I am also enclosing an exact copy of the text of the letter, typed for the Court's convenience. Thank you for your time.

Matthew Muller

DECLARATION OF MATTHEW MULLER
IN REGARD TO TIMELY SUBMISSION

I, Matthew Muller, declare:

1. The enclosed letter was tendered to officials at the Stanton Correctional Facility for mailing on October 10, 2019.

2. I was advised that since the letter was legal mail to a court, it would need to be inspected and sealed by the legal officer, and that they were not permitted to do it.

3. That week the jail was on lockdown due to power outages. There have been staffing disruptions, and the legal officer did not appear to accept the mailing although I sent requests on October 10 and 14. I believe she has been on other assignment.

4. I am finally providing the letter to my lawyer at a professional visit. He is giving it to my wife to type as a courtesy to the court, and is enclosing that as well as the original letter as it was submitted for mailing on October 10, 2019. See Houston v. Lack, 489 U.S. 266 (1988).

I, Matthew Muller, declare under penalty of perjury that the foregoing is true and correct.

Dated: October 17, 2019          Signed: _____

***Via First Class Mail***

Matthew Muller
Stanton Correctional Facility
2450 Clay Bank Road
Fairfield, CA 94533

October 8th, 2019

Hon. Kendall J. Newman
U.S. District Court
501 I Street
Sacramento, CA 95814

Subject: Comments for Fairness Hearing
Mays et al, . County of Sacramento
No. 2:18-cv-02081

Dear Judge Newman and the Parties and Their Counsel of Record:

I write to provide comments for the settlement fairness hearing in the above matter. Thank you for this opportunity. Thank you to counsel for the Plaintiffs for seeking to remedy nightmare conditions of confinement that have no place in civilized society.

My comments are directed at the version of the consent decree signed by the parties' counsel on June 5, 2019. Due to an unexpected power outage and lockdown at my facility, I have been unable to check for a revised version.

I was an inmate in federal pretrial detention at the Sacramento County Main Jail from September of 2015 through May of 2017. I spent all but a few days of this time in TSEP isolation - 20 months of debilitating confinement with an average of 15 minutes per day out of my small concrete cell. I was allowed into an open-air recreation area no more than 5 times, less than once per season of the year. When I arrived at federal prison afterwards, I felt so panicked in the open and around people after the prolonged isolation that I could not bring myself to leave my unlocked cell for more than a few minutes at a time. It was

weeks before the aftermath of profound alone-ness and sensory deprivation mostly subsided.

I am now a putative class member, in that I have a post-conviction motion pending that could cause my return to the Main Jail for an evidentiary hearing. That is what occasions my comment, as a representative of any past, current, or future inmate whose criminal proceedings are affected by the crushing isolation and poor treatment at the jail.

Paragraph 44 of the consent decree purports to bar the fact and contents of the decree from being "used" in any other legal proceeding. The Defendant, however, is allowed to do so for purposes of res judicata and issue preclusion. This vague, overbroad, and asymmetric provision should be clarified. It does not seem like the consent decree could proscribe citation to it once it becomes an order of the Court. See FRAP 31, 1(a) ("[a] court may not prohibit or restrict the citation of federal judicial opinions, orders, judgments, or other dispositions…" issued on or after January 1, 2007). The paragraph should be amended and/or it should be made clear on the record that the consent decree is not to have preclusive effect in any action for damages or injunctive relief against the Defendant and its agents. It should go no further.

It will sound self-serving because of my post-conviction motion, but no plea by any person confined in TSEP status for a prolonged period should be considered valid. I simply cannot adequately convey the horror and impact of the conditions to which I had been subjected for 12 months by the time I pleaded guilty. In federal prison, I was raped and beaten while locked down with another inmate, and then forced to spend 48 hours in the cell with my rapist, describing the different ways in which he planned to kill me if I tried to report what happened. The Sacramento County Main Jail was worse. It is not even a close contest. The prolonged effects are beyond any harm happening in a space of days.

For that reason, it is important that any former inmates challenging their convictions be allowed to cite to the consent decree. The conditions took away any meaningful opportunity they had to assist in their own defense and make a knowing, intelligent, and voluntary waiver of trial rights and plead guilty. It is something in the nature of structural error that defies any prejudice analysis because of the complicated ways in which the effects of isolation manifest. The fact of the consent decree and its implicit recognition of

abhorrent conditions give a habeas corpus petitioner at least some small means of communicating to a court just how bad things were.

I will say again: no guilty plea by an inmate who suffered prolonged TSEP status should be considered valid. Each such inmate should be located and contacted by appointed counsel to have their case evaluated for a habeas corpus filing. Many such inmates will be unable to discern for themselves what has been done to them. This will be especially true of inmates I saw transferred and treated for long enough to clear a competency hearing, and then relegated back to TSEP where they decompensated. I believe that doctrinally speaking, confinement conditions for pretrial detainees falls under substantive due process analysis. But it is also fundamentally a matter of procedural due process. The remedy should be akin to Fourth Amendment suppression. I do not believe persistent violations of pretrial detainees' rights will be stopped or meaningfully redressed until courts invalidate criminal proceedings and convictions obtained by way of such violations.

Lastly, I would ask the court to bear in mind that the conditions reported upon are those witnessed when jail officials knew the experts would be looking. There was worse. Much worse. I believe there are unreported suicides, which could explain how the jails purported suicide rate is well below the national average despite the terrible conditions. Inmates in my module told me I transferred into my first long-term cell the day after its former occupant was taken out, dead from suicide. They told me this consistently and deputies deflected my questions about it. But the suicide is not among those in the expert reports. Eight east, 100 mod, third cell from the right on the upper tier, early October of 2015. I felt like I was sharing my cell with a ghost. It is one of many at the Main Jail. I hope the court will do all it can do to ensure there are no more.

Sincerely,

Matthew D. Muller

Via First Class Mail

Matthew Muller
Stanton Correctional Facility
2450 Clay Bank Road
Fairfield, CA 94533

October 8, 2019

Hon. Kendall J. Newman
U.S. District Court
501 I Street
Sacramento, CA 95814

Subject: Comments for Fairness Hearing
          Mays et al. v. County of Sacramento
          No. 2:18-cv-02081

Dear Judge Newman and the Parties and Their Counsel of Record:

I write to provide comments for the settlement fairness hearing
in the above matter. Thank you for this opportunity. Thank
you to counsel for the Plaintiffs for seeking to remedy
nightmare conditions of confinement that have no place in
a civilized society.

My comments are directed at the version of the consent

- 1 -

decree signed by the parties' counsel on June 5, 2019. Due to an unexpected power outage and lockdown at my facility, I have been unable to check for a revised version.

I was an inmate in federal pretrial detention at the Sacramento County Main Jail from September of 2015 through May of 2017. I spent all but a few days of this time in TSEP isolation — 20 months of debilitating confinement with an average of 15 minutes per day out of my small concrete cell. I was allowed into an open-air recreation area no more than 5 times, less than once per season of the year. When I arrived at federal prison afterwards, I felt so panicked in the open and around people after the prolonged isolation that I could not bring myself to leave my unlocked cell for more than a few minutes at a time. It was weeks before the aftermath of profound alone-ness and sensory deprivation mostly subsided.

I am now a putative class member, in that I have a postconviction motion pending that could cause my return to the Main Jail for an evidentiary hearing. That is what occasions my comment, as a representative of any past, current or future inmate whose criminal proceedings are affected by the crushing isolation and poor treatment at the jail.

- 2 -

Paragraph 44 of the consent decree purports to bar the fact and contents of the decree from being "used" in any other legal proceeding. The Defendant, however, is allowed to do so for purposes of res judicata and issue preclusion. This vague, overbroad and assymetric provision should be clarified. It does not seem like the consent decree could proscribe citation to it once it becomes an order of the Court. See FRAP 32.1(a) ("[a] court may not prohibit or restrict the citation of federal judicial opinions, orders, judgments, or other dispositions ..." issued on or after January 1, 2007). The paragraph should be amended and/or it should be made clear on the record that the consent decree is not to have preclusive effect in any action for damages or injunctive relief against the Defendant and its agents. It should go no further.

It will sound self-serving because of my postconviction motion, but no plea by any person confined in TSEP status for a prolonged period should be considered valid. I simply cannot adequately convey the horror and impact of the conditions, to which I had been subjected for 12 months by the time I pleaded guilty. In federal prison, I was raped and beaten while locked down with another inmate, and then forced to spend 48 hours in the cell with my rapist, describing the different ways in which he planned to kill me if I tried to report what happened. The Sacramento County Main Jail was worse. It is not even a close contest. The prolonged effects are beyond any harm happening in a space of days.

- 3 -

For that reason, it is important that any former inmates challenging their convictions be allowed to cite to the consent decree. The conditions took away any meaningful opportunity they had to assist in their own defense and make a knowing, intelligent and voluntary waiver of trial rights and plead guilty. It is something in the nature of structural error that defies any prejudice analysis because of the complicated ways in which the effects of isolation manifest. The fact of the consent decree and its implicit recognition of abhorrent conditions give a habeas corpus petitioner at least some small means of communicating to a court just how bad things were.

I will say again: no guilty plea by an inmate who suffered prolonged TSEP status should be considered valid. Each such inmate should be located and contacted by appointed counsel to have their case evaluated for a habeas corpus filing. Many such inmates will be unable to discern for themselves what has been done to them. This will be especially true of inmates I saw transferred and treated for long enough to clear a competency hearing, and then relegated back to TSEP where they decompensated. I believe that doctrinally speaking, confinement conditions for pretrial detainees falls under substantive due process analysis. But it is also fundamentally a matter of procedural due process. The remedy should be akin to Fourth Amendment suppression. I do not believe

- 4 -

persistent violations of pretrial detainees' rights will be stopped or meaningfully redressed until courts invalidate criminal proceedings and convictions obtained by way of such violations.

Lastly, I would ask the Court to bear in mind that the conditions reported upon are those witnessed when jail officials knew the experts would be looking. There was worse. Much worse. I believe there are unreported suicides, which could explain how the jails purported suicide rate is well below the national average despite the terrible conditions. Inmates in my module told me I transferred into my first long-term cell the day after its former occupant was taken out, dead from suicide. They told me this consistently and deputies deflected my questions about it. But the suicide is not among those in the expert reports. Eight east, 100 mod, third cell from the right on the upper tier, early October of 2015. I felt like I was sharing my cell with a ghost. It is one of many at the Main Jail. I hope the Court will do all it can to ensure there are no more.

Sincerely,

Matthew D. Muller

– 5 –