| | |
|---|---|
| Aaron J. Fischer (SBN 247391)<br>Aaron.Fischer@disabilityrightsca.org<br>Anne Hadreas (SBN 253377)<br>anne.hadreas@disabilityrightsca.org<br>DISABILITY RIGHTS CALIFORNIA<br>1330 Broadway, Suite 500<br>Oakland, CA 94612<br>Telephone: (510) 267-1200<br>Fax: (510) 267-1201<br><br>Donald Specter (SBN 83925)<br>dspecter@prisonlaw.com<br>Margot Mendelson (SBN 268583)<br>mmendelson@prisonlaw.com<br>Sophie Hart (SBN 321663)<br>sophieh@prisonlaw.coom<br>PRISON LAW OFFICE<br>1917 Fifth Street<br>Berkeley, California 94710<br>Telephone: (510) 280-2621<br>Fax: (510) 280-2704<br><br>*Attorneys for Plaintiffs* | Jessica Valenzuela Santamaria (SBN 220934)<br>jvs@cooley.com<br>Mark A. Zambarda (SBN 314808)<br>mzambarda@cooley.com<br>Addison M. Litton (SBN 305374)<br>alitton@cooley.com<br>COOLEY LLP<br>3175 Hanover Street<br>Palo Alto, CA 94304-1130<br>Telephone: (650) 843-5000<br>Facsimile: (650) 849-7400<br><br>*Attorneys for Plaintiffs* |

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| LORENZO MAYS, RICKY RICHARDSON, JENNIFER BOTHUN, ARMANI LEE, LEERTESE BEIRGE, and CODY GARLAND, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF SACRAMENTO,<br><br>    Defendant. | Case No. 2:18-cv-02081 TLN KJN<br><br>**CLASS ACTION**<br><br>**Findings and Recommendations**<br><br>**Recommending Final Approval of Class Action Settlement be Adopted**<br><br>Date: December 6, 2019<br>Time: 11:00 a.m.<br>Judge: Hon. Kendall J. Newman |

On November 12, 2019, Plaintiffs and Defendant County of Sacramento ("Defendant") filed a Joint Motion for Final Approval of Class Action Settlement. The matter came before the Court for a hearing on December 6, 2019. Having considered the briefing in support of the motion, responses from class members, relevant legal authority, and the record in this case, the Court **GRANTS** the motion.

1. Under Federal Rule of Civil Procedure 23(e), "claims, issues, or defenses of a certified class may be settled . . . only with the court's approval." The Ninth Circuit has instructed district courts to consider and balance multiple factors when assessing whether a settlement is "fair, adequate, and free from collusion" under Rule 23(e). *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998). These factors include:

> the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Id.* at 1026. "This list is not exclusive and different factors may predominate in different factual contexts." *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993).

2. The Court finds that consideration of the factors favors settlement, and that the settlement is fair, reasonable, and adequate.

    a. *Strength of Plaintiffs' Case and the Risk, Expense, and Complexity of Further Litigation*: The Plaintiffs' case is strong, as shown by the evidence that has been submitted and the serious ongoing settlement discussions that began even before the complaint was filed. However, Plaintiffs face substantial burdens in demonstrating a current and ongoing violation of individuals' constitutional rights on a system-wide basis. Proceeding through pre-trial motions, trial, and possible appeal would impose risks, costs, and a substantial delay in the implementation of any remedy in this matter.

    b. *Risk of Maintaining a Class Action Status Through Trial*: Plaintiffs face little or no risk of maintaining class action status throughout the trial. The Court approved the parties'

joint application for class action status on December 28, 2018, ECF No. 49, and it is unlikely that Defendant would contest class certification if the Court rejects the proposed Consent Decree. *See* Fed. R. Civ. P. 23(c)(1)(C) (allowing court to revisit certification before final judgment).

    c. *Extent of Discovery Taken in the Case*: Settlement discussions began even before the filing of this case, and were informed by considerable information-sharing as well as the investigation conducted through class counsel Disability Rights California's statutory access authority. The parties also engaged in targeted discovery after the case was filed. Throughout, Plaintiffs' counsel had access to the jails, personnel who worked there, and people incarcerated there. The settlement also was informed by the opinions of five neutral experts who had access to the jails.

    d. *Experience and Views of Counsel*: Plaintiffs' counsel has extensive experience in prisoners' rights litigation and complex class action litigation and believe that the settlement here is in the best interest of all plaintiffs. Defendant is represented by counsel who similarly is experienced and knowledgeable in this type of litigation. The Court has already found that "experienced and knowledgeable counsel . . . have actively prosecuted and defended this litigation." ECF No. 88 at 2.

    e. *Reaction of the Class Members to the Settlement*: The reaction of class members to the settlement further supports final approval. Defendant complied with the Court's order regarding the provision of notice to the class. ECF No. 91. Class members were afforded an opportunity to comment or object to the settlement, and this Court held a hearing on the matter. Though approximately 3,700 individuals are incarcerated at Defendant's jails, the Court received only four letters about the settlement, including one from a non-class member. *See* ECF Nos. 96-98, 100. The letters detailed individual experiences with the deficiencies for which Plaintiffs seek a remedy in this case; these letters weigh in favor of approving the Consent Decree.

    The Court is satisfied that the concerns in the comments are adequately addressed by the Consent Decree. The Court also notes that the settlement will not bar individual damage claims by class members. *See Hiser v. Franklin*, 94 F.3d 1287, 1291 (9th Cir. 1996) ("[T]he general rule is that a class action suit seeking only declaratory and injunctive relief does not bar subsequent

individual damage claims by class members, even if based on the same events."). Overall, the reaction to the Consent Decree therefore weighs in favor of approval.

    f. *Whether the Settlement Appears Non-Collusive*: As this Court has previously found, "the proposed settlement is the product of arms-length, serious, informed, non-collusive, negotiations." Doc No. 88 at 2. The parties have presented no reason for the Court to reconsider this previous finding. Accordingly, this factor weighs in favor of approval.

  3. The Court further finds that the Consent Decree meets the requirements of the Prison Litigation Reform Act at 18 U.S.C. § 3626(a). In so doing, the Court finds that the relief contained therein is narrowly drawn, extends no further than necessary to ensure the protection of the federal constitutional and statutory rights of Plaintiffs, and is the least intrusive means necessary to accomplish those objectives.

  Accordingly, IT IS HEREBY RECOMMENDED that the Joint Motion for Final Approval of the Class Action Settlement (ECF No. 102) be **GRANTED**. The undersigned finds that the Consent Decree should be approved and adopted as the Order of the Court, the parties should be ordered to comply with all its terms, and the Defendant should be ordered to implement the Remedial Plan and accompanying policies pursuant to the schedule set forth therein.

  These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **ten** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **ten** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

////

////

////

////

The parties are advised that if they do not object to these recommendations, each counsel shall file a statement of non-opposition or statement of no objections, to shorten the objection period and facilitate the adjudication of this motion by the district court.

Dated: December 9, 2019

*Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/mays2081.fair