| | |
|---|---|
| Aaron J. Fischer (SBN 247391)<br>  Aaron.Fischer@disabilityrightsca.org<br>Anne Hadreas (SBN 253377)<br>  anne.hadreas@disabilityrightsca.org<br>DISABILITY RIGHTS CALIFORNIA<br>1330 Broadway, Suite 500<br>Oakland, CA 94612<br>Telephone: (510) 267-1200<br>Fax: (510) 267-1201<br><br>Tifanei Ressl-Moyer (SBN 319721)<br>  tifanei.ressl-moyer@disabilityrightsca.org<br>DISABILITY RIGHTS CALIFORNIA<br>1831 K Street<br>Sacramento, CA 95811<br>Telephone: (916) 504-5800<br>Fax: (916) 504-5801<br><br>Donald Specter (SBN 83925)<br>  dspecter@prisonlaw.com<br>Margot Mendelson (SBN 268583)<br>  mmendelson@prisonlaw.com<br>Sophie Hart (SBN 321663)<br>  sophieh@prisonlaw.coom<br>PRISON LAW OFFICE<br>1917 Fifth Street<br>Berkeley, California 94710<br>Telephone: (510) 280-2621<br>Fax: (510) 280-2704<br><br>*Attorneys for Plaintiffs* | Jessica Valenzuela Santamaria (SBN 220934)<br>  jvs@cooley.com<br>Mark A. Zambarda (SBN 314808)<br>  mzambarda@cooley.com<br>Addison M. Litton (SBN 305374)<br>  alitton@cooley.com<br>COOLEY LLP<br>3175 Hanover Street<br>Palo Alto, CA 94304-1130<br>Telephone: (650) 843-5000<br>Facsimile: (650) 849-7400<br><br>*Attorneys for Plaintiffs* |

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| LORENZO MAYS, RICKY RICHARDSON, JENNIFER BOTHUN, ARMANI LEE, LEERTESE BEIRGE, and CODY GARLAND, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF SACRAMENTO,<br><br>    Defendant. | Case No. 2:18-cv-02081 TLN KJN<br><br>**CLASS ACTION**<br><br>**[PROPOSED] FINDINGS AND RECOMMENDATIONS RE PLAINTIFFS' UNOPPOSED MOTION FOR ATTORNEYS' FEES AND EXPENSES**<br><br>**Date: December 6, 2019**<br>**Time: 11:00 a.m.**<br>**Judge: Hon. Kendall J. Newman**<br>**Courtroom: 25** |

This matter comes before the Court upon consideration of Plaintiffs' Unopposed Motion for Attorney's Fees and Expenses (the "Motion"). Having considered the briefing in support of the Motion, responses from class members, relevant legal authority, and the record in this case, the Court finds good cause to recommend the Motion be GRANTED.

Pursuant to Federal Rule of Civil Procedure 23(h), class members were informed about the fee request in the Class Notice, and a full copy of the Motion was made available to all class members upon request. Class members were afforded an opportunity to comment or object to the Motion, and this Court held a hearing on the Motion.

After review of all briefing and evidence presented, this Court finds that the agreed-upon award of $2,100,000.00 is fair and reasonable. In this case, Plaintiffs sought to address deficiencies in the medical and mental health care provided to people in Defendant's jails, inadequate suicide prevention policies and practices, the misuse and overuse of solitary confinement, and discrimination against people with disabilities. The Consent Decree does just that. It includes a comprehensive Remedial Plan that requires Defendant to implement specific policies, procedures, and practices intended to ensure minimally adequate mental health and medical care, to ameliorate or eliminate the risks of harm caused by dangerous solitary confinement practices, and to ensure that people with disabilities receive reasonable accommodations and equal access to the programs, services, and activities that Defendant offers in its jails.

To get to this result, Plaintiffs devoted more than four years to investigating and litigating this case, meeting, corresponding with, and interviewing prisoners, reviewing and analyzing healthcare records, inspecting the jail facilities, and meeting and negotiating with Defendant. The parties expended considerable time and resources negotiating the terms of the Consent Decree and Remedial Plan.

The fee request reasonably reflects the time and labor required to litigate this matter, and was appropriately calculated pursuant to the lodestar method. Though

counsel represented the Plaintiffs without charge, Plaintiffs' counsel exercised the same billing judgment and discretion accorded to private clients. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) ("Ultimately, a 'reasonable' number of hours equals '[t]he number of hours . . . [which] could reasonably have been billed to a private client.'") (citations omitted, alterations in original).

Courts have long recognized that the lodestar method of calculating fees is strongly presumed to be reasonable. *Oviatt v. Pearce*, 954 F.2d 1470, 1482 (9th Cir. 1992) ("There is a strong presumption that the lodestar figure is reasonable, and adjustments are to be adopted only in exceptional cases."); *Morales v. City of San Rafael*, 96 F.3d 359, 363 n.8 (9th Cir. 1996).

The agreed upon fee award fairly reflects the novelty and difficulty of the questions presented, the skill required in litigating this complex case, and the fact that Plaintiffs' counsel litigated this matter on a contingency basis. In doing so, Plaintiffs' counsel dedicated a significant number of hours and incurred significant out-of-pocket expenses.

Thus, the undersigned finds that the request for $2,100,000.00 in attorney's fees and expenses is fair, adequate, and reasonable. Because the lodestar rate was calculated based on this unique and complex class action, such rate shall not be cited or referenced in any other lawsuit or other matters, as expressly stated and agreed on the court record.

Accordingly, **IT IS HEREBY RECOMMENDED THAT** Plaintiffs' Unopposed Motion for Attorney's Fees and Expenses (ECF No. 92) should be GRANTED, as follows:

1. Defendant should be ordered to pay Plaintiffs' counsel $2,100,000.00 for reasonable attorney's fees, expenses, and costs. Payment shall be made in two installments: (1) the first installment in the amount of $1,050,000.00 by no later than January 31, 2020, and (2) the second installment in the amount of $1,050,000.00 by no later than July 31, 2020.

     2. Defendant should be ordered to pay Plaintiffs' counsel reasonable attorneys' fees and expenses up to $250,000.00 per year for monitoring of implementation of the Consent Decree and Remedial Plan.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **ten** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **ten** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

The parties are advised that if they do not object to these recommendations, each counsel shall file a statement of non-opposition or statement of no objections, to shorten the objection period and facilitate the adjudication of this motion by the district court.

Dated:  December 9, 2019

                                                    /s/ Kendall J. Newman
                                                    KENDALL J. NEWMAN
                                                    UNITED STATES MAGISTRATE JUDGE

/mays2081.fees