Aaron J. Fischer (SBN 247391)
  Aaron.Fischer@disabilityrightsca.org
Anne Hadreas (SBN 253377)
  anne.hadreas@disabilityrightsca.org
DISABILITY RIGHTS CALIFORNIA
1330 Broadway, Suite 500
Oakland, CA  94612
Telephone: (510) 267-1200
Fax: (510) 267-1201

Donald Specter (SBN 83925)
  dspecter@prisonlaw.com
Margot Mendelson (SBN 268583)
  mmendelson@prisonlaw.com
Sophie Hart (SBN 321663)
  sophieh@prisonlaw.coom
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Fax: (510) 280-2704

*Attorneys for Plaintiffs*

Jessica Valenzuela Santamaria (SBN 220934)
  jvs@cooley.com
Mark A. Zambarda (SBN 314808)
  mzambarda@cooley.com
Addison M. Litton (SBN 305374)
  alitton@cooley.com
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| LORENZO MAYS, RICKY RICHARDSON, JENNIFER BOTHUN, ARMANI LEE, and LEERTESE BEIRGE on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SACRAMENTO,<br><br>Defendant. | Case No. 2:18-cv-02081 TLN KJN<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER ON APPOINTMENT OF COURT EXPERTS**<br><br>Judge: Hon. Kendall J. Newman<br><br>Complaint Filed: July 31, 2018 |

The Consent Decree, Doc. No. 85-1, approved by the Court on January 13, 2020, Doc. No. 110, provides for the appointment of Court Experts to carry out certain enumerated duties. The duties of the Court Experts are set forth in Paragraphs 13 through 20 and in Exhibit B of the Consent Decree. Doc. No. 85-1 at 5-6; 98-100.

In accordance with the Consent Decree and its remedial purposes, and pursuant to the Court's inherent power, IT IS HEREBY ORDERED that the following individuals are appointed as Court Experts, to be compensated by Defendant at the rates set forth below:

The Court approves the appointment of Michael B. Rowe, M.D., as Court Expert regarding Medical policies, procedures, and practices to be paid by Defendant in the amount of $350 per hour for work performed and $175 per hour for time spent traveling, and to be reimbursed by Defendant for reasonable associated costs of professional services, including travel expenses.

The Court approves the appointment of Madeleine LaMarre, MN, FNP-BC, as Court Expert regarding Medical policies, procedures, and practices to be paid by Defendant in the amount of $250 per hour for work performed and $125 per hour for time spent traveling, and to be reimbursed by Defendant for reasonable associated costs of professional services, including travel expenses.

The Court approves the appointment of Dr. Mary Perrien as Court Expert regarding Mental Health policies, procedures, and practices, to be paid by Defendant in the amount of $250 per hour for work performed, and to be reimbursed by Defendant for reasonable associated costs of professional services, including travel expenses.

The Court approves the appointment of Lindsay Hayes as Court Expert regarding Suicide Prevention policies, procedures, and practices to be paid by Defendant in the amount of $250 per hour for work performed, and to be reimbursed by Defendant for reasonable associated costs of professional services, including travel expenses.

The Court Experts shall provide Defendant with a written itemization of the claimed fees and costs, itemized by date, amount of time spent, and task, as well as records and bills evidencing the costs claimed, on a quarterly basis or at an alternative

interval as agreed upon by Defendant and the Court Expert. Invoices will be provided to all parties for their review before payment.

Rule 706(b) of the Federal Rules of Evidence requires the Court to "inform the expert of the expert's duties." IT IS HEREBY ORDERED that the Court Experts shall have the responsibilities, powers, and protections set forth in the Consent Decree and in this Order, including as follows:

1. Pursuant to Rule 706 of the Federal Rules of Evidence, the Court Experts shall advise the parties and the Court on Defendant's compliance or non-compliance with each material component of the Remedial Plan within their respective area of expertise, will assist with dispute resolution matters, and will provide testimony, if required, in any proceedings before the Court.

2. Within 180 days from the Court's entry of the Consent Decree, and then every 180 days thereafter, during the term of the Consent Decree, the Court Experts shall each complete a comprehensive review and report ("180-Day Report") to advise the parties and the Court on Defendant's compliance or non-compliance with each material component of the Remedial Plan within the expert's subject matter area.

3. In each 180-Day Report, the Court Experts shall state their opinion as to whether Defendant is or is not in substantial compliance with each material component of the Remedial Plan within their area of expertise (*i.e.*, "Substantial Compliance Determinations"). The 180-Day Reports shall be considered separate and apart from any evaluations and reports prepared as part of the dispute resolution process set forth in the Consent Decree and shall be admissible in evidence in any proceedings before the Court.

4. Each Court Expert will prepare a draft written report on Defendant's efforts to meet the terms of the Consent Decree within thirty (30) days of the later of the expert's site inspection and the expert's receipt of all requested documents and information, and in no case later than forty-five (45) days after the inspection. The

draft report will be delivered to all parties. If the Court Expert concludes that Defendant has not substantially complied with any provision or provisions of the Consent Decree, the Court Expert shall make recommendations as to actions they believe to be necessary to achieve substantial compliance.

5. The parties will have thirty (30) days to provide written comments or objections, or to cure identified issues, and seven (7) days to reply. The Court Expert may re-inspect facilities or documents, or conduct additional interviews, before issuing a final report. Final reports shall be due twenty (20) days after the later of the Court Expert's receipt of any comments, objections or replies, or any additional assessments.

6. In preparing reports, the Court Experts shall identify all sources of information relied upon for facts and recommendations. If the source of information is an interview or conversation, whether with staff, another Court Expert, or any other person, the Court Expert shall identify the person who is the source of the information. If the source of information is a class member, the Court Expert shall identify the class member in a separate confidential document that is provided to counsel for the parties. If the source of the information is a document, the Court Expert shall make the document(s) available to counsel for all parties, or identify the document(s) in a manner that makes it accessible to all parties.

7. With appropriate notice, the Court Experts shall have reasonable access to all parts of any Sacramento County jail facility. Access to the facilities will not be unreasonably restricted. The Court Experts shall have access to custody and health care staff and people incarcerated in the jails, including confidential and voluntary interviews as they deem appropriate. The Court Experts shall also have access to documents, including budgetary, custody, and health care documents, and institutional meetings, proceedings, and programs to the extent the Court Experts determine such access is needed to fulfill their obligations. The Court Experts' tours shall be

undertaken in a manner that does not unreasonably interfere with jail operations as reasonably determined by jail administrators.

8. The Court Experts shall have reasonable access to individual health records, including mental health records, and custody records.

9. If the Court Experts request to review any documents in conjunction with a site visit, Defendant will provide these documents to the extent feasible no later than twenty (20) days prior to the visit.

10. During each Court's Expert's first site inspection of the Jail, the parties shall have the right to have counsel present during the tour. All subsequent tours conducted by the Court Experts shall be conducted without counsel present, unless the parties agree good cause exists for counsel to observe the subsequent tours. If the parties cannot agree on the necessity for counsel to be present on subsequent tours by the Court Experts, they shall submit the matter to Magistrate Judge Cousins (or his designee) for decision.

11. The Court Experts shall be provided with and agree to be bound by any protective or Court orders entered in this case.

12. The Court Experts may engage in *ex parte* communications with the parties. However, all of the Court Experts' findings and recommendations shall be set forth in writing in their reports.

13. The Court Experts may engage in *ex parte* communications with each other. The Court Experts may engage in *ex parte* communications with the designated dispute resolution judge, Magistrate Judge Cousins, or his designee if he is not available. The Court Experts shall not engage in *ex parte* communications with the Court.

14. Pursuant to the dispute resolution procedures set forth in the Consent Decree, either party may request that the relevant Court Expert evaluate an issue in dispute and prepare a report. The expert must provide the report regarding the area of

disagreement to the parties and Magistrate Judge Cousins (or his designee) within forty-five (45) days of the request. Defendant will pay the Court Expert's reasonable fees for any reports prepared at the request of a party about a disputed issue.

15. The Court Experts shall be available to meet jointly with the parties in person or by telephone in a manner that is reasonable and convenient for the purpose of resolving disputes between the parties.

16. At the request of the Court, the Court Experts shall attend any negotiations, mediation sessions, or court hearings.

17. If a Court Expert becomes unavailable to fulfill the duties set forth in this Order, the parties will meet and confer, and propose to the Court a new expert to monitor compliance with the Consent Decree for the respective areas of expertise. The parties may agree at any time to remove and replace a Court Expert.

**IT IS SO ORDERED.**

Dated: March 9, 2020

mays2081.ct.exp

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE