Donald Specter (SBN 83925)
  dspecter@prisonlaw.com
Margot Mendelson (SBN 268583)
  mmendelson@prisonlaw.com
Patrick Booth  (SBN)328783
  patrick@prisonlaw.com
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Fax: (510) 280-2704

AARON J. FISCHER (SBN 247391)
  ajf@aaronfischerlaw.com
Law Office of Aaron J. Fischer
2001 Addison Street, Ste. 300
Berkeley, CA 94704
Telephone: (510) 806-7366
Fax: (510) 694-6314

JENNIFER STARK (SBN 267062)
  jennifer.stark@disabilityrightsca.org
Disability Rights California
2111 J St., #406
Sacramento, CA 95816
Telephone: (510) 267-1200
Fax: (510) 267-1201
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| LORENZO MAYS, RICKY RICHARDSON, JENNIFER BOTHUN, ARMANI LEE, and LEERTESE BEIRGE on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SACRAMENTO,<br><br>Defendant. | Case No. 2:18-cv-02081 TLN KJN<br><br>**CLASS ACTION**<br><br>**STATUS REPORT RE: MONITORING OF CONSENT DECREE IMPLEMENTATION**<br><br>**Judge: Hon. Kendall J. Newman**<br><br>Complaint Filed: July 31, 2018 |

The parties to this matter submit this Joint Status Report to advise the Court on monitoring and implementation activities pursuant to the court-approved Consent Decree. Dkt. No. 85-1.

## I. Remedial Plan Implementation and Compliance Monitoring

The court-appointed Subject Matter Experts and Plaintiffs' class counsel continue to monitor compliance with the Remedial Plan, in accordance with the terms of the Consent Decree. Modifications to the monitoring schedule and procedures have continued to occur as necessary given the exigencies of the ongoing COVID-19 situation. The Subject Matter Experts and Plaintiffs' class counsel also continue to work with Defendant County of Sacramento (the "County"), including the Sheriff's Office and Adult Correctional Health leadership, on several aspects of Consent Decree implementation.

The Subject Matter Experts are currently completing their third monitoring reports on the Sacramento County Jail (the "Jail") and Remedial Plan implementation on Medical Care, Mental Health Care, and Suicide Prevention. These reports shall be submitted to the Court upon completion.

Plaintiffs' class counsel, consistent with their authority under the Consent Decree and their role in monitoring the County's compliance with components of the Remedial Plan pertaining to Restrictive Housing and ADA/Disability, are proceeding with monitoring on those topics, and will submit updated monitoring reports on these topics as soon as completed.

## II. Dispute Resolution on Mental Health and Suicide Prevention Remedial Plan Provisions

On October 29, 2021, Plaintiffs' class counsel sent a Dispute Notice letter to the County demanding specific actions to implement critical remedial provisions regarding Mental Health Care and Suicide Prevention on which the County is not in compliance. Plaintiffs' class counsel notified the designated Dispute Resolution

mediator, Hon. Nathanael Cousins, as to the dispute.  The October 29, 2021 Dispute Notice letter is attached as **Exhibit A**.

Since that time, the parties have engaged in extensive negotiations and substantive discussions on (a) the Jail's mental health treatment delivery system, (b) use of force policies and practices as related to class members with disabilities, (c) suicide prevention policies and practices, (d) provision of confidentiality for suicide risk assessments and mental health clinical encounters, and (e) physical plant and staffing issues as they relate to *Mays* Remedial Plan implementation.  The Subject Matter Experts on Mental Health Care (Mary Perrien Ph.D.) and Suicide Prevention (Lindsay Hayes) have assisted with this process and provided considerable input.

On May 27, 2022, the parties executed a Memorandum of Agreement that resolves certain issues identified in Plaintiffs' class counsel's October 29, 2021 Dispute Notice.  The executed Memorandum of Agreement is attached as **Exhibit B**.

Several issues remain unresolved.  As set forth in the Memorandum of Agreement, the parties agree that the County does not yet have a plan for reaching compliance with Consent Decree requirements related to the following issues: (1) remediation of physical plant deficiencies that prevent delivery of adequate health care services; (2) provision of adequate staffing to deliver adequate mental health care services; (3) provision of adequate acute mental health level of care services at a capacity to meet class member needs; and (4) provision of adequate Intensive Outpatient Program mental health level of care services at a capacity to meet class member needs.  The Memorandum of Agreement establishes a framework for moving forward on these unresolved issues, including setting timelines by which the County must develop plans on the matters set forth above.

**III.   Sacramento County Assessments on Key Remedial Plan Components**

Sacramento County is currently overseeing two assessments relevant to Jail population-related challenges and physical plant deficiencies that are barriers to

successful implementation of the Remedial Plan, as follows:

### A. Jail Physical Plant Deficiencies

The County does not currently have a plan for remediation of physical plant deficiencies that prevent delivery of adequate health care services, among other essential components of the Remedial Plan (*e.g.*, disability accessibility and program access requirements).

Under the Memorandum of Agreement, the County has committed to take interim steps to mitigate physical plant deficiencies, including those that adversely impact mental health care delivery.

The County is now overseeing an assessment of the Sacramento County Main Jail facility and the practicability of implementation of *Mays* Consent Decree requirements. This assessment will include an analysis of the maximum incarcerated population that the Main Jail can support while meeting the terms of the Consent Decree. The County anticipates public release of this assessment report in the coming weeks.

Following completion of this assessment, the County will, by no later than December 1, 2022, develop a plan for remedying physical plant deficiencies that impede Consent Decree implementation, with input from relevant community stakeholders.

### B. Jail Population-Related Barriers to Remedial Plan Implementation

As set forth in the Consent Decree, "population reduction of the jails will facilitate compliance with this Remedial Plan." Consent Decree Remedial Plan Section II.B.1. Jail population reduction measures can and should be "designed to promote public safety through evidence-based programs." Section II.B.2.

The Parties agree that Jail population-related stressors impose substantial barriers to implementation of certain remedial provisions, including provisions

discussed in Plaintiffs' class counsel's October 29, 2021 Dispute Notice.

The County is now overseeing a Jail population assessment that will include policy and program recommendations to reduce the incarcerated population through reducing lengths of stay, bookings, and future jail reoccurrence, including through implementation of community programs.

The parties have agreed that a plan to remediate physical plant deficiencies (discussed above) must be paired with a plan containing Jail population reduction measures, developed with input from relevant community stakeholders, as necessary to facilitate timely, cost-effective implementation of the Consent Decree.

Following completion of this assessment, the County will, by no later than October 15, 2022 and with input from relevant community stakeholders, develop a plan for Jail population reduction measures, to include funding and an implementation schedule for such measures.

### C. Next Steps Following Sacramento County's Assessment Reports and Plan

As set forth in the Memorandum of Agreement, upon completion of the above-referenced plans, the parties will meet and confer, with the assistance of the Subject Matter Experts and the designated Dispute Resolution mediator, as appropriate, to discuss the adequacy and timeliness of the plan.

The parties may then enter into a supplemental memorandum of agreement on the matters set forth in the October 29, 2021 Dispute Notice or, if a dispute remains, may seek appropriate relief from the *Mays* court.

### IV. Federal Detainees in the Sacramento County Jail

The County has a longstanding contract with the United States Marshals Service to house approximately 300 federal detainees who are subject to federal criminal proceedings. Housing these additional 300 federal detainees contributes to Jail population-related stressors that adversely impact efforts to implement the *Mays*

Consent Decree.

On April 15, 2022, Plaintiffs' class counsel sent a letter to Sacramento County leadership calling for an end to the County's contract to house federal detainees in the County Jail facilities. That correspondence is attached as **Exhibit C**.

Sacramento County is currently in communication with the United States Marshals Service about this contract and a plan to reduce the number of federal detainees held in its County Jail facilities. Further information on the matter will be provided to the Court in a future status report.

### V. Provision of Care to *Mays* Class Members at Experiencing or at Risk of Withdrawal

Plaintiffs' class counsel have raised concerns about the County's practice of detaining new arrivals at the Jail in the Main Jail booking loop for extended periods of time, due largely to lack of space in the Jail's housing units. Plaintiffs' class counsel have raised concerns about conditions in the booking loop, as well as deficiencies in medical and mental health care delivery there.

On March 1, 2022, Plaintiffs' class counsel sent a letter to County leadership calling for immediate action to address issues related to provision of medical care for people experiencing, or at risk of, withdrawal from alcohol, benzodiazepines, and opiates, including during long stays in the Main Jail booking loop. The letter also called for population reduction measures as a means to address dangerous conditions in the booking loop. That correspondence is attached as **Exhibit D**.

Since the transmission of this letter, the parties have conferred, with the participation of the Subject Matter Experts, and the County has taken steps aimed at addressing the issues identified by Plaintiffs' class counsel. The County is conducting audits and providing periodic reports to Plaintiffs' class counsel and the Subject Matter Experts on the provision of care to people experiencing, or at risk of, withdrawal. The County did not expand its population reduction or early release

measures. This issue will continue to be monitored through *Mays* monitoring procedures.

## VI. Conclusion

The parties do not request an order from the Court at this time. The parties will submit further status reports with the completion of the forthcoming monitoring reports, and as warranted to keep the Court informed on progress with respect to Consent Decree implementation.

Respectfully submitted,

Dated: June 3, 2022

/s/ Aaron J. Fischer
Aaron J. Fischer
LAW OFFICE OF AARON J. FISCHER
Attorney for Plaintiffs

Dated: June 3, 2022

/s/ Margot Mendelson (as authorized 6/3/22)
Margot Mendelson
PRISON LAW OFFICE
Attorney for Plaintiffs

Dated: June 3, 2022

/s/ Rick Heyer (as authorized 6/3/22)
Rick Heyer
SACRAMENTO COUNTY COUNSEL
Attorney for Defendant

**STATUS REPORT RE: MONITORING OF CONSENT DECREE IMPLEMENTATION**