Donald Specter (SBN 83925)
 dspecter@prisonlaw.com
Margot Mendelson (SBN 268583)
 mmendelson@prisonlaw.com
Patrick Booth (SBN)328783
 patrick@prisonlaw.com
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Fax: (510) 280-2704

AARON J. FISCHER (SBN 247391)
 ajf@aaronfischerlaw.com
Law Office of Aaron J. Fischer
1400 Shattuck Avenue, Ste. 12 - #344
Berkeley, CA 94709
Telephone: (510) 806-7366
Fax: (510) 694-6314

JENNIFER STARK (SBN 267062)
 jennifer.stark@disabilityrightsca.org
Disability Rights California
2111 J St., #406
Sacramento, CA 95816
Telephone: (510) 267-1200
Fax: (510) 267-1201
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| LORENZO MAYS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SACRAMENTO,<br><br>Defendant. | No.  2:18-cv-2081 TLN KJN P<br><br>**CLASS ACTION**<br><br><u>ORDER APPOINTING COURT EXPERT</u> |

The Consent Decree (ECF No. 85-1) approved by the Court on January 13, 2020 (ECF No. 110), provides for the appointment of Court Experts to carry out certain enumerated duties. The duties of the Court Experts are set forth in Paragraphs 13 through 20 and in Exhibit B of the Consent Decree.

1

On March 10, 2020, the Court issued an order appointing four subject matter experts to advise the Court on compliance with the Consent Decree.  (ECF No. 117.)  On March 17, 2021, the Court appointed Karen Saylor, M.D., to replace the previously appointed medical expert, Dr. Michael Rowe.  (ECF No. 142.)  Dr. Saylor is no longer able to serve as a medical expert in this matter, so the parties now jointly seek the appointment of Susi Vassallo, M.D. as a medical care expert.  Dr. Vassallo's curriculum vitae was filed with the parties' instant request as Attachment A (ECF No. 173-1).

In accordance with the Consent Decree and its remedial purposes, and pursuant to the Court's inherent power, **IT IS HEREBY ORDERED** that the parties' request for the appointment of Susi Vassallo, M.D., as Court Expert regarding medical policies, procedures, and practices (ECF No. 173) is approved and granted;

By this order, Susi Vassallo, M.D., the newly appointed Court Expert, is informed of the expert's duties (Fed. R. Evid. 706(b)).  **IT IS FURTHER ORDERED** that the Court Expert shall have the responsibilities, powers, and protections set forth in the Consent Decree (ECF No. 85-1) and in the Court's previous order appointing experts (ECF No. 117)  The Court Expert's powers and responsibilities include the following:

1.  Pursuant to Rule 706 of the Federal Rules of Evidence, the Court Expert shall advise the parties and the Court on Defendant's compliance or non-compliance with each material component of the Remedial Plan within their respective area of expertise, will assist with dispute resolution matters, and will provide testimony, if required, in any proceedings before the Court.

2.  In intervals of 180 days, during the term of the Consent Decree, the Court Expert shall complete a comprehensive review and report ("180-Day Report") to advise the parties and the Court on Defendant's compliance or non-compliance with each material component of the Remedial Plan within the expert's subject matter area.

3.  In each 180-Day Report, the Court Expert shall state their opinion as to whether Defendant is or is not in substantial compliance with each material component of the Remedial Plan within their area of expertise (i.e., "Substantial Compliance Determinations"). The 180-Day Reports shall be considered separate and apart from any evaluations and reports prepared as part

2

of the dispute resolution process set forth in the Consent Decree and shall be admissible in evidence in any proceedings before the Court.

4. Each Court Expert will prepare a draft written report on Defendant's efforts to meet the terms of the Consent Decree within thirty (30) days of the later of the expert's site inspection and the expert's receipt of all requested documents and information, and in no case later than forty-five (45) days after the inspection. The draft report will be delivered to all parties. If the Court Expert concludes that Defendant has not substantially complied with any provision or provisions of the Consent Decree, the Court Expert shall make recommendations as to actions they believe to be necessary to achieve substantial compliance.

5. The parties will have thirty (30) days to provide written comments or objections, or to cure identified issues, and seven (7) days to reply.  The Court Expert may re-inspect facilities or documents, or conduct additional interviews, before issuing a final report. Final reports shall be due twenty (20) days after the later of the Court Expert's receipt of any comments, objections or replies, or any additional assessments.

6. In preparing reports, the Court Expert shall identify all sources of information relied upon for facts and recommendations.  If the source of information is an interview or conversation, whether with staff, another Court Expert, or any other person, the Court Expert shall identify the person who is the source of the information.  If the source of information is a class member, the Court Expert shall identify the class member in a separate confidential document that is provided to counsel for the parties.  If the source of the information is a document, the Court Expert shall make the document(s) available to counsel for all parties or identify the document(s) in a manner that makes it accessible to all parties.

7. With appropriate notice, the Court Expert shall have reasonable access to all parts of any Sacramento County jail facility.  Access to the facilities will not be unreasonably restricted. The Court Expert shall have access to custody and health care staff and people incarcerated in the jails, including confidential and voluntary interviews as they deem appropriate.  The Court Expert shall also have access to documents, including budgetary, custody, and health care documents, and institutional meetings, proceedings, and programs to the extent the Court Expert determines

such access is needed to fulfill their obligations.  The Court Expert's tours shall be undertaken in a manner that does not unreasonably interfere with jail operations as reasonably determined by jail administrators.

8.  The Court Expert shall have reasonable access to individual health records, including mental health records, and custody records.

9.  If the Court Expert requests to review any documents in conjunction with a site visit, Defendant will provide these documents to the extent feasible no later than twenty (20) days prior to the visit.

10.  During the Court Expert's first site inspection of the Jail, the parties shall have the right to have counsel present during the tour.  All subsequent tours conducted by the Court Expert shall be conducted without counsel present unless the parties agree for counsel to observe.  If the parties cannot agree on the necessity for counsel to be present on subsequent tours by the Court Expert, they shall submit the matter to Magistrate Judge Cousins (or his designee) for decision.

11.  The Court Expert shall be provided with and agree to be bound by any protective or Court orders entered in this case.

12.  The Court Expert may engage in ex parte communications with the parties. However, all of the Court Expert's findings and recommendations shall be set forth in writing in their reports.

13.  The Court Expert may engage in ex parte communications with each other. The Court Expert may engage in ex parte communications with the designated dispute resolution judge, Magistrate Judge Cousins, or his designee if he is not available.  The Court Expert shall not engage in ex parte communications with the Court.

14.  Pursuant to the dispute resolution procedures set forth in the Consent Decree, either party may request that the relevant Court Expert evaluate an issue in dispute and prepare a report. The expert must provide the report regarding the area of disagreement to the parties and Magistrate Judge Cousins (or his designee) within forty-five (45) days of the request.  Defendant will pay the Court Expert's reasonable fees for any reports prepared at the request of a party about a disputed issue.

4

15.  The Court Expert shall be available to meet jointly with the parties in person or by telephone in a manner that is reasonable and convenient for the purpose of resolving disputes between the parties.

16.  At the request of the Court, the Court Expert shall attend any negotiations, mediation sessions, or court hearings.

17.  If a Court Expert becomes unavailable to fulfill the duties set forth in this Order, the parties will meet and confer, and propose to the Court a new expert to monitor compliance with the Consent Decree for the respective areas of expertise.  The parties may agree at any time to remove and replace a Court Expert.

IT IS SO ORDERED.

Dated:  January 16, 2024

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/mays2081.med.appt

5