| | |
|---|---|
| 1 | **LISA A. TRAVIS**, County Counsel |
|   | [State Bar No. 184793] |
| 2 | **JANICE M. SNYDER**, Assistant County Counsel |
|   | [State Bar No. 198673] |
| 3 | **MONICA ROBINSON**, Deputy County Counsel |
|   | [State Bar No. 261450] |
| 4 | **COUNTY OF SACRAMENTO** |
|   | **700 H Street, Suite 2650** |
| 5 | **Sacramento, CA  95814** |
|   | **Telephone:  (916) 875-9792** |
| 6 | **Facsimile:  (916) 874-8207** |
|   | **E-mail:  robinsonm@saccounty.gov** |
| 7 | **File No.:  126602-000012** |

**Attorneys for County of Sacramento**

### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| **LORENZO MAYS, RICKY RICHARDSON, JENNIFER BOTHUN, ARMANI LEE, LEERTESE BEIRGE, and CODY GARLAND**, on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>**COUNTY OF SACRAMENTO**<br><br>Defendant. | Case No. 2:18-cv-02081-TLN-CSK<br><br>JUDGE: Hon. Chi Soo Kim<br><br>[~~PROPOSED~~] **ORDER APPOINTING COURT EXPERT** |

The Consent Decree approved by the Court on January 13, 2020 (ECF No. 110), provides for the appointment of Court Experts to carry out certain enumerated duties.  The duties of the Court Experts are set forth in Paragraphs 13 through 20 and in Exhibit B of the Consent Decree.

On March 9, 2020, the Court issued an order appointing four subject matter experts to advise the Court on compliance with the Consent Decree.  (ECF No. 117.)  On January 16, 2024, the Court appointed Susi Vassalo, M.D., M.B.A., F.A.C.P., C.C.H.P., as a medical care expert.  (ECF No. 175.)  Dr. Vassalo emailed counsel her termination notice on October 4, 2024, so the parties now jointly seek the appointment of Sylvia McQueen, M.D., M.B.A., F.A.C.P., C.C.H.P. as a medical care expert to replace Dr. Vassalo.  Dr. McQueen's curriculum vitae is filed as Exhibit A to the parties' joint request (ECF No. 192).

///

In accordance with the Consent Decree and its remedial purposes, and pursuant to the Court's inherent power, IT IS HEREBY ORDERED that the Court grants the parties' joint request (ECF No. 192) and approves the appointment of Dr. Sylvia McQueen, M.D., M.B.A., F.A.C.P., C.C.H.P., as Court Expert regarding medical policies, procedures, and practices to replace Dr. Vassalo as a Court Expert. Dr. McQueen is to be paid by the defendant in the amount of $425 per hour for work performed and $175 per hour for travel.

Rule 706(b) of the Federal Rules of Evidence requires the Court to "inform the expert of the expert's duties." Fed. R. Evid. 706(b). Thus, IT IS FURTHER ORDERED that the Court Expert shall have the responsibilities, powers, and protections set forth in the Consent Decree and in the Court's previous Order appointing experts (ECF No. 117). The Court Expert's powers and responsibilities include the following:

1. Pursuant to Rule 706 of the Federal Rules of Evidence, the Court Expert shall advise the parties and the Court on defendant's compliance or non-compliance with each material component of the Remedial Plan within their respective area of expertise, will assist with dispute resolution matters, and will provide testimony, if required, in any proceedings before the Court.

2. In intervals of approximately 180 days, during the term of the Consent Decree, the Court Expert shall complete a comprehensive review and report ("monitoring report") to advise the parties and the Court on defendant's compliance or non-compliance with each material component of the Remedial Plan within the expert's subject matter area.

3. In each monitoring report, the Court Expert shall state their opinion as to whether defendant is or is not in substantial compliance with each material component of the Remedial Plan within their area of expertise (i.e., "Substantial Compliance Determinations"). The monitoring reports shall be considered separate and apart from any evaluations and reports prepared as part of the dispute resolution process set forth in the Consent Decree and shall be admissible in evidence in any proceedings before the Court.

4. Each Court Expert will prepare a draft written report on defendant's efforts to meet the terms of the Consent Decree. The draft report will be delivered to all parties. If the

Court Expert concludes that defendant has not substantially complied with any provision or provisions of the Consent Decree, the Court Expert shall make recommendations as to actions they believe to be necessary to achieve substantial compliance.

5. The parties will provide written comments or objections, or to cure identified issues.

6. In preparing reports, the Court Expert shall identify all sources of information relied upon for facts and recommendations. If the source of information is an interview or conversation, whether with staff, another Court Expert, or any other person, the Court Expert shall identify the person who is the source of the information. If the source of information is a class member, the Court Expert shall identify the class member in a separate confidential document that is provided to counsel for the parties. If the source of the information is a document, the Court Expert shall make the document(s) available to counsel for all parties, or identify the document(s) in a manner that makes it accessible to all parties.

7. With appropriate notice, the Court Expert shall have reasonable access to all parts of any Sacramento County jail facility. Access to the facilities will not be unreasonably restricted. The Court Expert shall have access to custody and health care staff and people incarcerated in the jails, including confidential and voluntary interviews as they deem appropriate. The Court Expert shall also have access to documents, including budgetary, custody, and health care documents, and institutional meetings, proceedings, and programs to the extent the Court Expert determines such access is needed to fulfill their obligations. The Court Expert's tours shall be undertaken in a manner that does not unreasonably interfere with jail operations as reasonably determined by jail administrators.

8. The Court Expert shall have reasonable access to individual health records, including mental health records, and custody records.

9. If the Court Expert requests to review any documents in conjunction with a site visit, defendant will provide these documents to the extent feasible no later than twenty (20) days prior to the visit.

///

10. The Court Expert shall be provided with and agree to be bound by any protective or Court orders entered in this case.

11. The Court Expert may engage in ex parte communications with the parties. However, all of the Court Expert's findings and recommendations shall be set forth in writing in their reports.

12. The Court Expert may engage in ex parte communications with each other. The Court Expert may engage in ex parte communications with the designated dispute resolution judge, Magistrate Judge Nathanael Cousins, or his designee if he is not available. The Court Expert shall not engage in ex parte communications with the Court.

13. Pursuant to the dispute resolution procedures set forth in the Consent Decree, either party may request that the relevant Court Expert evaluate an issue in dispute and prepare a report. The expert must provide the report regarding the area of disagreement to the parties and Magistrate Judge Nathanael Cousins (or his designee) within forty-five (45) days of the request. Defendant will pay the Court Expert's reasonable fees for any reports prepared at the request of a party about a disputed issue.

14. The Court Expert shall be available to meet jointly with the parties in person or by telephone in a manner that is reasonable and convenient for the purpose of resolving disputes between the parties.

15. At the request of the Court, the Court Expert shall attend any negotiations, mediation sessions, or court hearings.

16. If a Court Expert becomes unavailable to fulfill the duties set forth in this Order, the parties will meet and confer, and propose to the Court a new expert to monitor compliance with the Consent Decree for the respective areas of expertise. The parties may agree at any time to remove and replace a Court Expert.

**IT IS SO ORDERED.**

Dated: January 22, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/mays2081.med.exp

ORDER APPOINTING COURT EXPERT