LISA A. TRAVIS, County Counsel
[State Bar No. 184793]
JANICE M. SNYDER, Assistant County Counsel
[State Bar No. 198673]
MONICA ROBINSON, Deputy County Counsel
[State Bar No. 261450]
COUNTY OF SACRAMENTO
700 H Street, Suite 2650
Sacramento, CA  95814
Telephone:  (916) 875-9792
Facsimile:  (916) 874-8207
E-mail:  robinsonm@saccounty.gov
File No.:  126602-000012

Attorneys for County of Sacramento

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| LORENZO MAYS, RICKY RICHARDSON, JENNIFER BOTHUN, ARMANI LEE, and LEERTESE BEIRGE, on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SACRAMENTO<br><br>Defendant. | Case No. 2:18-cv-02081-TLN-CSK<br><br>JUDGE: Hon. Chi Soo Kim<br><br>[PROPOSED] ORDER GRANTING THE PARTIES' JOINT REQUEST AND APPOINTING COURT EXPERTS |

The Consent Decree approved by the Court on January 13, 2020 (ECF No. 110), provides for the appointment of Court Experts to carry out certain enumerated duties.  The duties of the Court Experts are set forth in Paragraphs 13 through 20 and in Exhibit B of the Consent Decree (ECF No. 85-1).

On March 9, 2020, the Court issued an order appointing four subject matter experts to advise the Court on compliance with the Consent Decree. (ECF No. 117.)  On March 9, 2020, the Court appointed Dr. Mary Perrin. (Id.)  Following the recent completion of her Fifth monitoring report, Dr. Perrien's service as Court Expert in this matter has reached an end.

The parties have conferred on the matter, and agree that utilization of a psychologist-psychiatrist Court Expert team is necessary and appropriate to monitor and facilitate successful,

efficient implementation of the Mental Health Care components of the Mays Consent Decree. This structure is analogous to the nurse-physician Court Expert team that has monitored the Medical Care components of the Mays Consent Decree.

Consistent with the Court's March 9, 2020 order appointing experts (ECF No. 117), Dr. Main and Dr. Johnson shall have the authority to employ and/or contract with all necessary expert, administrative, and clerical staff. Dr. Main and Dr. Johnson, along with appropriate staff and contractors, shall have whatever access to facilities, records, and documents that they identify to be necessary to fulfill the staff or contracting role.

Dr. Main and Dr. Johnson are to individually be paid by the Defendant in the amount of $400 per hour for work performed and $200 per hour for travel.

Rule 706(b) of the Federal Rules of Evidence requires the Court to "inform the expert of the expert's duties." Fed. R. Evid. 706(b).

IT IS HEREBY ORDERED that the parties' Joint Request for Appointment of Court Experts (Mental Health Care) (ECF No. 217) is granted, and the Court Expert shall have the responsibilities, powers, and protections set forth in the Consent Decree (ECF No. 85-1) and in the Court's previous Order appointing experts (ECF No. 117). The Court Expert's powers and responsibilities include the following:

1. Pursuant to Rule 706 of the Federal Rules of Evidence, the Court Experts shall advise the parties and the Court on Defendant's compliance or non-compliance with each material component of the Remedial Plan within their respective area of expertise, will assist with dispute resolution matters, and will provide testimony, if required, in any proceedings before the Court.

2. In intervals of approximately 180 days, during the term of the Consent Decree, the Court Experts shall complete a comprehensive review and report ("monitoring report") to advise the parties and the Court on Defendant's compliance or non-compliance with each material component of the Remedial Plan within the expert's subject matter area.

3. In each monitoring report, the Court Experts shall state their opinion as to whether Defendant is or is not in substantial compliance with each material component of the Remedial

Plan within their area of expertise (i.e., "Substantial Compliance Determinations"). The monitoring reports shall be considered separate and apart from any evaluations and reports prepared as part of the dispute resolution process set forth in the Consent Decree and shall be admissible in evidence in any proceedings before the Court.

4. The Mental Health Care Court Experts team will prepare a draft written report on Defendant's efforts to meet the terms of the Consent Decree. The draft report will be delivered to all parties. If the Court Experts conclude that Defendant has not substantially complied with any provision or provisions of the Consent Decree, the Court Experts shall make recommendations as to actions they believe to be necessary to achieve substantial compliance.

5. The parties will provide written comments or objections, or to cure identified issues.

6. In preparing reports, the Court Experts shall identify all sources of information relied upon for facts and recommendations. If the source of information is an interview or conversation, whether with staff, another Court Expert, or any other person, the Court Experts shall identify the person who is the source of the information. If the source of information is a class member, the Court Experts shall identify the class member in a separate confidential document that is provided to counsel for the parties. If the source of the information is a document, the Court Experts shall make the document(s) available to counsel for all parties, or identify the document(s) in a manner that makes it accessible to all parties.

7. With appropriate notice, the Court Experts shall have reasonable access to all parts of any Sacramento County jail facility. Access to the facilities will not be unreasonably restricted. The Court Experts shall have access to custody and health care staff and people incarcerated in the jails, including confidential and voluntary interviews as they deem appropriate. The Court Experts shall also have access to documents, including budgetary, custody, and health care documents, and institutional meetings, proceedings, and programs to the extent the Court Experts determines such access is needed to fulfill their obligations. The Court Expert's tours shall be undertaken in a manner that does not unreasonably interfere with jail operations as reasonably determined by jail administrators.

8. The Court Experts shall have reasonable access to individual health records, including mental health records, and custody records.

9. If a Court Expert requests to review any documents in conjunction with a site visit, Defendant will provide these documents to the extent feasible no later than twenty (20) days prior to the visit.

10. The Court Experts shall be provided with and agree to be bound by any protective or Court orders entered in this case.

11. The Court Experts may engage in ex parte communications with the parties. However, all of the Court Experts' findings and recommendations shall be set forth in writing in their reports.

12. The Court Experts may engage in ex parte communications with each other. The Court Experts may engage in ex parte communications with the designated dispute resolution judge, Magistrate Judge Nathanael Cousins, or his designee if he is not available. The Court Experts shall not engage in ex parte communications with the Court.

13. Pursuant to the dispute resolution procedures set forth in the Consent Decree, either party may request that the relevant Court Expert(s) evaluate an issue in dispute and prepare a report. The expert must provide the report regarding the area of disagreement to the parties and Magistrate Judge Nathanael Cousins (or his designee) within forty-five (45) days of the request. Defendant will pay the Court Experts' reasonable fees for any reports prepared at the request of a party about a disputed issue.

14. The Court Experts shall be available to meet jointly with the parties in person or by telephone in a manner that is reasonable and convenient for the purpose of resolving disputes between the parties.

15. At the request of the Court, the Court Experts shall attend any negotiations, mediation sessions, or court hearings.

///

///

///

16. If a Court Expert becomes unavailable to fulfill the duties set forth in this Order, the parties will meet and confer, and propose to the Court a new expert to monitor compliance with the Consent Decree for the respective areas of expertise. The parties may agree at any time to remove and replace a Court Expert.

**IT IS SO ORDERED.**

Dated: September 8, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/mays2081.appt.mh