**Margot Mendelson (SBN 268583)**
**mmendelson@prisonlaw.com**
**Patrick Booth (SBN 328783)**
**patrick@prisonlaw.com**
**PRISON LAW OFFICE**
**1917 Fifth Street**
**Berkeley, CA 94710**
**Telephone: (510) 280-2621**
**Fax: (510) 280-2704**

**AARON J. FISCHER (SBN 247391)**
**ajf@aaronfischerlaw.com**
**Law Office of Aaron J. Fischer**
**1400 Shattuck Avenue, Ste. 12 - #344**
**Berkeley, CA 94709**
**Telephone: (510) 806-7366**
**Fax: (510) 694-6314**
***Attorneys for Plaintiffs***

**LISA A. TRAVIS, County Counsel**
**[State Bar No. 184793]**
**JANICE M. SNYDER, Assistant County Counsel**
**[State Bar No. 198673]**
**MONICA ROBINSON, Deputy County Counsel**
**[State Bar No. 261450]**
**COUNTY OF SACRAMENTO**
**700 H Street, Suite 2650**
**Sacramento, CA 95814**
**Telephone: (916) 875-9792**
**Facsimile: (916) 874-8207**
**E-mail: robinsonm@saccounty.gov**
**File No.: 126602-000012**
***Attorneys for Defendants***

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

**LORENZO MAYS, RICKY RICHARDSON, JENNIFER BOTHUN, ARMANI LEE, and LEERTESE BEIRGE, on behalf of themselves and all others similarly situated**

**Plaintiffs,**

**vs.**

**COUNTY OF SACRAMENTO**

**Defendant.**

**Case No. 2:18-cv-02081-TLN-CSK**

**~~[PROPOSED]~~ ORDER APPOINTING COURT EXPERT ON MEDICAL CARE HOMER VENTERS, M.D.**

**JUDGE: Hon. Chi Soo Kim**

The Consent Decree entered by the Court on January 13, 2020 (ECF No. 110), with amendments approved as entered in the Updated Consent Decree (ECF No. 231-1), with Order of Approval (ECF No. 234) on December 23, 2026, provides for the appointment of Court Experts (also referred to as “Subject Matter Experts (SMEs)”) to carry out certain enumerated duties. The duties of the Court Experts are set forth in paragraphs 13 through 20 and in Exhibit B of the Updated Consent Decree.

On March 9, 2020, the Court issued an order appointing four Court Experts to advise the Court on compliance with the Consent Decree (ECF No. 117). A number of Court Experts have served in these roles during the implementation period of this case. On January 17, 2025, the

Court appointed Sylvia McQueen, M.D. as a medical care Subject Matter Expert. (ECF No. 192.) Dr. McQueen's service in this role came to an end following completion of the Eighth Medical Care Monitoring Report (ECF No. 235-1). The parties now jointly seek the appointment of Homer Venters, M.D. as a medical care Subject Matter Expert to replace Dr. McQueen.

In accordance with the Consent Decree and its remedial purposes, and pursuant to the Court's inherent power, the Court approves the appointment of Homer Venters, M.D. as a Court Subject Matter Expert regarding medical policies, procedures, and practices to replace Dr. McQueen. Dr. Venters will serve with already designated co-Subject Matter Expert on Medical Care, Angela Goehring, R.N., M.S.A, C.C.H.P. Dr. Venters is to be paid by the Defendant in the amount of $600 per hour for work performed and $300 per hour for travel.

Rule 706(b) of the Federal Rules of Evidence requires the Court to "inform the expert of the expert's duties." IT IS HEREBY ORDERED that the Subject Matter Expert shall have the responsibilities, powers, and protections set forth in the Updated Consent Decree, in the Court's Order appointing experts (ECF No. 117), any subsequent orders on the Subject Matter Expert's roles and responsibilities, and the procedures as established by the parties during previous rounds of monitoring by the Court's Subject Matter Experts.

The Court's Subject Matter Experts' powers and responsibilities include the following:

1. Pursuant to Rule 706 of the Federal Rules of Evidence, the Court Experts shall advise the parties and the Court on Defendant's compliance or non-compliance with each material component of the Remedial Plan within their respective area of expertise, will assist with dispute resolution matters, and will provide testimony, if required, in any proceedings before the Court.

2. The Court Experts shall complete reviews and reports ("monitoring report") to advise the parties and the Court on Defendant's compliance or non-compliance with each material component of the Remedial Plan within the expert's subject matter area. The Court Experts will produce reports after their site visits, and the reports will generally be provided to the County within three to four months of the corresponding site visit. The subsequent expert

site visit generally will be scheduled three to five months after the County receives the draft of the report evaluating the prior site visit.

3. In each monitoring report, the Court Experts shall state their opinion as to whether Defendant is or is not in substantial compliance with each material component of the Remedial Plan within their area of expertise (*i.e.*, "Substantial Compliance Determinations"). The monitoring reports shall be considered separate and apart from any evaluations and reports prepared as part of the dispute resolution process set forth in the Consent Decree and shall be admissible in evidence in any proceedings before the Court.

4. The Court Experts will prepare a draft written report on Defendant's efforts to meet the terms of the Consent Decree. The draft report will be delivered to all parties. If the Court Experts conclude that Defendant has not substantially complied with any provision or provisions of the Consent Decree, the Court Experts shall make recommendations as to actions they believe to be necessary to achieve substantial compliance.

5. The parties will provide written comments or objections, or to cure identified issues.

6. In preparing reports, the Court Experts shall identify all sources of information relied upon for facts and recommendations. If the source of information is an interview or conversation, whether with staff, another Court Expert, or any other person, the Court Experts shall identify the person who is the source of the information. If the source of information is a class member, the Court Experts shall identify the class member in a separate confidential document that is provided to counsel for the parties. If the source of the information is a document, the Court Experts shall make the document(s) available to counsel for all parties, or identify the document(s) in a manner that makes it accessible to all parties.

7. With appropriate notice, the Court Experts shall have reasonable access to all parts of any Sacramento County jail facility. Access to the facilities will not be unreasonably restricted. The Court Experts shall have access to custody and health care staff and people incarcerated in the jails, including confidential and voluntary interviews as they deem appropriate. The Court Experts shall also have access to documents, including budgetary,

custody, and health care documents, and institutional meetings, proceedings, and programs to the extent the Court Expert determines such access is needed to fulfill their obligations. The Court Experts' tours shall be undertaken in a manner that does not unreasonably interfere with jail operations as reasonably determined by jail administrators.

8. The Court Experts shall have reasonable access to individual health records, including mental health records, and custody records.

9. If the Court Experts requests to review any documents in conjunction with a site visit, Defendant will provide these documents to the extent feasible no later than twenty (20) days prior to the visit.

10. Each Court Expert shall be provided with and agree to be bound by any protective or Court orders entered in this case.

11. The Court Experts may engage in *ex parte* communications with the parties. However, all of the Court Experts' findings and recommendations shall be set forth in writing in their reports.

12. The Court Experts may engage in *ex parte* communications with each other. The Court Experts may engage in *ex parte* communications with the designated dispute resolution judge, Magistrate Judge Nathanael Cousins, or his designee if he is not available. The Court Experts shall not engage in *ex parte* communications with the Court.

13. Pursuant to the dispute resolution procedures set forth in the Consent Decree, either party may request that the relevant Court Expert(s) evaluate an issue in dispute and prepare a report. The Court Expert(s) must provide the report regarding the area of disagreement to the parties and Magistrate Judge Nathanael Cousins (or his designee) within forty-five (45) days of the request. Defendant will pay the Court Experts' reasonable fees for any reports prepared at the request of a party about a disputed issue.

14. The Court Experts shall be available to meet jointly with the parties in person or by telephone in a manner that is reasonable and convenient for the purpose of resolving disputes between the parties.

15. At the request of the Court, the Court Experts shall attend any negotiations,

mediation sessions, or court hearings.

16. If a Court Expert becomes unavailable to fulfill the duties set forth in this Order, the parties will meet and confer, and propose to the Court a new expert to monitor compliance with the Consent Decree for the respective areas of expertise. The parties may agree at any time to remove and replace a Court Expert.

**IT IS SO ORDERED.**

Dated: September 9, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/mays2081.new.med.exp